UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Peter Boon** | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | |
| **Life Insurance Company of North** | § | |
|     **America, Defendant** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

1    The plaintiff, Peter Boon, is a resident of Harris County, Texas.

2    Life Insurance Company of North America ("LINA") may be served as follows:

C T Corporation System
1999 Bryan St. # 900
Dallas, Texas 75201

3    **The nature of this suit.**

This suit is brought to recover benefits due pursuant to a Long Term Disability Plan ("LTD") in which the plaintiff's employer, Accenture LLP ("Accenture"), is the Policy Holder and LINA is the insurer and the Plan Administrator ("the Plan"). This action is brought for the relief provided in Employee Retirement Income Security Act ("ERISA"), the "Act", 29 U.S.C. §§ 1132 (a)(1)(B), i.e., to recover benefits due to the plaintiff; to enforce his rights and to clarify his rights to future benefits under the terms of the Plan.

The Plan is a welfare benefit plan as that term is used in 29 U.S.C. § 1002 (1).

4    LINA made the initial benefit determination under review.

5    LINA is the insurer of the Plans and would pay benefits to Plaintiff except for its denials of his claim.

6    Pursuant to ERISA LINA is the plaintiff's fiduciary.

7       LINA is required to make the plaintiff's benefit determinations without regard to its conflicting financial interest.

8       This Court reviews LINA's benefit determination *de novo* with no deference.

9       The issue is whether the plaintiff is entitled to receive LTD benefits after xxx pursuant to the policy.  This Court reviews the administrative record evidence to determine *de novo*, and without deference to LINA's prior determination, whether the plaintiff is disabled, by a preponderance of the evidence, within the terms of the policy by evaluating the persuasiveness of conflicting evidence.

10      **Jurisdiction**

This Court is given statutory jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1).

**Statement of the facts of this Case**

11      Disability is defined as follows:

"The employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1.  unable to perform the material duties of his or her Regular Occupation; and
2.  unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

"After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1.  unable to perform the material duties of any occupation for which he or she is, or may reasonably become qualified based on education, training or experience; and
2.  unable to earn 80% or more of his or her Indexed Earnings."

12      The plaintiff first filed his claim for benefits in 2017 and LINA approved the claim in May of 2018 retroactive to September of 2017.

13      At all times relevant hereto the plaintiff has been eligible for benefits as an employee of Accenture.

14      The plaintiff's occupation with Accenture was Systems Analyst earning in excess of $150,000 annually.

15      On January 28, 2020 LINA referred the plaintiff for an independent medical evaluation with Dr. Andres Keichian, a neurologist chosen by LINA to evaluate the plaintiff's trigeminal neuropathic left facial pain, the condition for which LINA had found him disabled in May of 2018.

16      Based on some of the physical restrictions identified by Dr. Keichian LINA referred the claim to its in-house vocational department and found two occupations which, according to LINA, the plaintiff is capable of performing.

17      LINA did not include all of the restrictions identified by Dr. Keichian in its referral to its vocational department.

18      LINA does not credit Dr. Keichian's (its own consultant) findings and those of other doctors in the record with respect to the painful nature of the plaintiff's condition and the limitations caused by that pain.

19      Malingering is not suspected by any medical professional in the record.

20      One of the occupations identified by LINA's vocational department is the same occupation for which LINA had found him unable to perform in May of 2018.

21      On March 12, 2020 LINA denied the claim beyond March 15, 2020 based upon the occupations found by its vocational department which was based upon part of Dr. Keichian's report.

22      LINA based its finding that the plaintiff can do his occupation and another similar occupation, and thus its denial of his claim, on an incomplete hypothetical question that it presented to its vocational department.

23      On July 22, 2020 Judge Robert Burdette, Social Security Administrative Law Judge,

found the plaintiff to have severe impairments of trigeminal neuralgia, upper left oral cavity destroyed, loss of alveolar bone and adjustment disorder.  Judge Burdette found that the plaintiff's ... "main issue involves his trigeminal neuralgia, which causes him severe and chronic pain. [He] began experiencing pain in his face and mouth around January of 2017. [He] had a root canal performed, which triggered severe trigeminal neuralgia. [H] later had a gamma knife procedure performed to the left trigeminal nerve, but experienced no relief.  In 2018 [he] underwent multiple surgeries, including a sinus surgery, bone graft, and implant procedure."

24     Judge Burdette found the plaintiff to be unable to perform any substantial gainful activity since September 15, 2007.

25     Judge Burdette's decision was based upon the same medical information that is available to LINA.

26     Judge Burdette's evaluation of the medical evidence was supplemented by his interrogation and observation of the plaintiff and was supported by a neutral vocational expert who was present at the hearing.

27     Malingering was not suspected by Judge Burdette.

28.    The plaintiff timely appealed LINA's March 12 decision to the designated fiduciary of the Plan on September 8, 2020.

29     On November 2, 2020 the plaintiff forwarded additional evidence, i.e., the vocational report of Mr. Byron Pettingill, to LINA.

30     Mr. Pettingill found, among other findings, that when considering *only* the assessment of Dr. Keichian the plaintiff cannot perform any competitive employment, let alone the type of work that would pay 80% of his former salary.

31     On November 3, 2020 LINA notified the plaintiff that it would require an additional 45 days to decide his pending appeal.

32     On December 24, 2020 LINA notified the plaintiff that it wanted him to report to a psychologist for an examination.

33	LINA's notice did not explain the applicability of a psychological evaluation for the review of its March 12, 2020 decision.

34	ERISA does not allow a plan fiduciary, such as LINA, to manufacture an excuse, such as malingering, for denying a claim.

35	During the administrative review of its own initial decision ERISA requires a plan fiduciary, such as LINA, to focus (*review*) only on the reasons given for its initial denial.

36	The administrative review of an ERISA denial is a *review* and not an opportunity for the plan fiduciary to manufacture other reasons for denying the claim.

37	LINA's December of 2020 bid to obtain a psychological evaluation of the plaintiff has a strong odor of a breach of LINA's fiduciary duty and an attempt to manufacture a new reason for denying the plaintiff's claim.

38	LINA is allowed 90 days by ERISA regulation to make its benefit review decision.

39	On February 1, 2021 LINA had expended all of its allowed time for its benefit review without making a decision.

40	On March 30, 2021 LINA had not made its review decision.

41	By ERISA regulation the plaintiff is deemed to have exhausted the administrative remedies available under the plan and is entitled to pursue any available remedies under the ERISA Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

42	All conditions precedent to filing this suit have been satisfied.

43	LINA's decision is against the weight of the evidence.

44	LINA's decision is an abuse of its discretion.

45	LINA's decision is not based on substantial evidence.

WHEREFORE, the plaintiff demands judgment as follows:

a    recovery of benefits due under the terms of the Plan;

b    enforcement of his rights under the Plan;

c    clarification of his rights to future benefits under the terms of the Plan;

d    pre-judgment and post-judgment interest on all sums due;

e    attorney fees and costs, and for such other and further relief to which he is entitled.

s/s William C. Herren
William C. Herren
SBN 09529500
6363 Woodway, Suite 825
Houston, Texas 77057
(713) 682-8194
(713) 682-8197 Fax
billh@herrenlaw.com

March 30, 2021